# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS M. PARKER, JR., | CASE NO.: 5:17CV01066 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | (Resolves Docs. 84, 87) |

Pending before this Court is Defendant Metropolitan Life Insurance Company's ("Metropolitan") Motion to Dismiss Plaintiff's Complaint, which asserts that the instant matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) as this Court lacks subject matter jurisdiction. (Mot. to Dismiss 1, ECF No. 84.) Plaintiff Thomas M. Parker, Jr. ("Parker") has filed a Motion in Opposition to Defendant's Motion to Dismiss. (Opp'n to Mot. to Dismiss, ECF No. 87.)

For the reasons explained herein, this Court does not possess subject matter jurisdiction over this action. Therefore, Defendant's motion is GRANTED. Accordingly, this matter is DISMISSED in its entirety, with prejudice, as this Court declines to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and all other currently pending motions are rendered MOOT by this order.

I. **BACKGROUND**

On May 22, 2017, Parker, *pro se*, filed his Complaint against Metropolitan and Defendant Dale K. Parker ("Dale"). (Compl., ECF No. 1.) Although the Complaint is not pled with clarity, Parker appears to assert varying state law civil claims, with associated bald criminal accusations, against

both Metropolitan and Dale arising out of discrepancies regarding the beneficiaries of a decedent's life insurance policies and a flexible retirement annuity. (*Id.* at 2, 4-5, 7-9, 11-20.) The Complaint does specify, however, that Parker's claims are brought before this Court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* at 1-5, 7-8, 17, 20.) In fact, a thorough reading of the Complaint makes clear the following: (1) Parker does not recite any other legal authority for the claims brought before this court besides ERISA; and (2) Parker's claims involve life insurance policy 726-615-739-A, life insurance policy 770-107-251-MS, life insurance policy 957-706-808-M, and flexible retirement annuity 030-052-308. (*See generally id.* and associated exhibits.)

Against this background, Metropolitan filed its Motion to Dismiss, with pertinent documents attached, arguing that Parker's Complaint should be dismissed as this Court lacks subject matter jurisdiction over the action. (Mot. to Dismiss, ECF No. 84 and associated attachments.) Parker provided a response, to which he attached two hundred eighty-seven pages of exhibits. (Opp'n to Mot. to Dismiss, ECF No. 87 and associated attachments.)

## II. SUBJECT MATTER JURISDICTION

### A. Standard of Review

It is well settled that "[f]ederal courts are courts of limited jurisdiction" as Article III, § 2 of the United States Constitution narrowly defines "[t]he character of the controversies over which federal judicial authority may extend." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (internal quotation marks omitted)). For district courts, specifically, they "may not exercise jurisdiction absent a statutory

basis." *Home Depot U.S.A., Inc.*, 511 U.S. at 1746 (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted)).

Therefore, by statute, this Court may properly exercise jurisdiction over a subject matter in two instances: (1) when a case arises under federal law, called "federal question jurisdiction"; or (2) when the amount in controversy for a case exceeds $75,000 and there is diversity of citizenship between the parties as enumerated in 28 U.S.C. § 1332(a), called "diversity jurisdiction." *See* 28 U.S.C.S. § 1331; 28 U.S.C.S. § 1332(a). When a court properly possesses either federal question jurisdiction or diversity jurisdiction in an action, the court is said to possess subject matter jurisdiction over that action, in other words, "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (*emphasis* in original). As subject matter jurisdiction is required for this Court to adjudicate a matter, "defects in subject matter jurisdiction cannot be waived by the parties . . .." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). *See also* Fed. R. Civ. P. 12(h)(3).

With respect to a motion to dismiss for lack of subject matter jurisdiction, properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), the Sixth Circuit has recognized that such motions can present facial attacks or factual attacks to a court's authority over a matter. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge "the sufficiency of the pleading itself" while factual attacks challenge "the factual existence of subject matter jurisdiction." *Id.*

When a facial attack occurs, "the court must take the material allegations of the [complaint] as true and construe[] [them] in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). *See also Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a factual attack occurs, "no presumptive truthfulness

applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). With factual attacks, a court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325.

Regardless of whether the attack on the matter before the court is facial or factual, it remains "the plaintiff's burden . . . to prove that this court has jurisdiction over his claim[s] . . ." *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). *See also Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (stating that in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden to prove subject matter jurisdiction exists).

**B. Discussion**

First, and foremost, Parker alleges that this Court's subject matter jurisdiction over this matter arises pursuant to federal law, and therefore, federal question jurisdiction applies. (Compl. 2, ECF No. 1.) More specifically, Parker pleads: "Jurisdiction of this Honorable Court is proper to 28 U.S.C. 1331 (federal question), as this civil action is brought pursuant to (ERISA) Employment Retirement Income Security Act of 1974 Section 1132(a)(1)(B [sic] . . .". (*Id.*) Parker is correct that subject matter jurisdiction in this Court "is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e)." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Accordingly, ERISA, a federal law enumerated in 29 U.S.C.S. § 1001 et seq., was enacted by Congress to "'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna*

*Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C.S. § 1001(b)). An employee benefit plan, as contemplated by the statute, is "any plan, fund, or program . . . established or maintained by an employer or by an employee organization" to provide insurance benefits or retirement income to employees. 29 U.S.C.S. § 1002(1)-(3).

The analysis of whether this Court has subject matter jurisdiction over the instant matter begins and ends with the statutory definition of employee benefit plan. Although Parker alleges that this Court properly has jurisdiction over his claims because they are brought pursuant to ERISA, and, therefore, present a federal question, the downfall for Parker is that ERISA does not actually apply to his claims. Utilizing the statutory definitions enumerated above, ERISA is only applicable in cases where employee benefit plans are at issue - in other words, where insurance or retirement benefits are established or maintained by an employer.

Metropolitan, in attacking Parker's Complaint facially, argues that the policies at issue are individually-purchased policies, not employer-maintained policies, making ERISA inapplicable. (Mot. to Dismiss 4, ECF No. 84.) Metropolitan's facial argument is well-taken, as Parker himself alleges in his Complaint that the life insurance policies were "purchased by the deceased . . . from MetLife Insurance Company" and that the deceased "contracted with MetLife Insurance Company" to enroll in the flexible retirement annuity. (Compl. 2-3, ECF No. 1.) Although Parker alleges that the deceased was employed at Whitacre-Greer Fireproofing Company, he fails to plead a connection between the decedent's employer and the policies at issue. (Compl. 8, ECF No. 1.) Therefore, even when viewing the material allegations of Parker's Complaint as true and construing them in the light most favorable to Parker, facially, Parker fails to meet his burden of establishing that this Court possesses subject matter jurisdiction over this action.

In addition, Parker has not been able to factually demonstrate that ERISA applies to his claims. In support of its Motion to Dismiss, Metropolitan provided copies of life insurance policy 726-615-739-A, life insurance policy 770-107-251-MS, life insurance policy 957-706-808-M, and flexible retirement annuity 030-052-308 along with an associated affidavit setting forth that neither the life insurance policies nor the flexible retirement annuity enumerated in Parker's Complaint were established or maintained by an employer or an employee organization. (Mot. to Dismiss Exhibit A, ECF No. 84-1.) Despite the volume of materials Parker filed with this Court in opposition to Metropolitan's Motion to Dismiss, the evidence provided does not dispute Metropolitan's factual attack on Parker's Complaint. Employing its wide discretion to consider extrinsic evidence when determining whether subject matter jurisdiction exists, this Court concludes that the life insurance policies and flexible retirement annuity at issue were all purchased by an individual and not established or maintained by an employer or an employee organization. Therefore, ERISA does not apply, and this Court does not possess subject matter jurisdiction over the pending action. As the remainder of the claims pled in Parker's Complaint arise under state law, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, this Court does not possess subject matter jurisdiction over the instant matter. This Court declines to exercise supplemental jurisdiction over any state law claims contained in the Complaint pursuant to 28 U.S.C. § 1367(c)(3). Therefore, Defendant's motion is GRANTED. Accordingly, this matter is DISMISSED in its entirety, with prejudice, and all other currently pending motions are rendered MOOT by this order.

IT IS SO ORDERED. /s/ John R. Adams  
                                                                   Judge John R. Adams  
DATE: September 23, 2019                   UNITED STATES DISTRICT COURT